IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-106-RLJ-HBG |
| | ) | |
| TROY WEST, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 28, 2018, for a scheduled evidentiary hearing on the Defendant's Motion to Suppress [Doc. 20]. Assistant United States Attorney LaToyia T. Carpenter appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented the Defendant, who was also present. At the conclusion of the hearing, Mr. Moffatt asked to file post-hearing briefs. The Court asked the parties to brief the issue of whether Trooper Goode had probable cause to stop the Defendant for failing to pull over upon the Trooper's activation of his lights and siren, even assuming for the sake of argument that Trooper Goode lacked probable cause to stop the Defendant for failing to drive within his lane. The parties agreed upon a deadline of March 30, 2018, for filing their post-hearing briefs.

The parties made a joint, oral motion to continue the June 5, 2018 trial date, in order to give the Court time to rule on the suppression motion. Mr. Moffatt agreed that Defendant West

1

waived his speedy trial rights with respect to that motion. The parties agreed on a new trial date of July 31, 2018.

The Court finds the parties' joint, oral motion to continue the trial to be well–taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court heard the evidence on the Defendant's suppression motion on February 28, 2018, and asked the parties to file supplemental briefs addressing a specific legal issue. The parties agreed to file post-hearing briefs by March 30, 2018. Once the undersigned receives the supplemental filings, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on the suppression motion. 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file objections, and the District Judge will need time to rule on the motion in light of the report and the objections. 18 U.S.C. § 3161(h)(1)(H). Following the resolution of the suppression motion, counsel will also need time to prepare for trial. The Court finds that all of this cannot take place before the June 5 trial date or in less than five months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive the parties of the reasonable time necessary to prepare effectively for trial even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the parties' joint, oral motion to continue the trial is **GRANTED**. The trial of this matter is reset to **July 31, 2018**. The Court also finds that all the time between the filing of the evidentiary hearing on **February 28, 2018**, and the new trial date of **July 31, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the parties must file their post-hearing briefs on or before **March 30, 2018.** A final pretrial conference before

the undersigned is scheduled for **July 16, 2018, at 11:00 a.m.** This date shall also be the new deadline for concluding plea negotiations and for providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **July 16, 2018**. Special requests for jury instructions shall be submitted to the District Judge no later than **July 20**, **2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The parties' joint, oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 31, 2018**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the evidentiary hearing on **February 28, 2018**, and the new trial date of **July 31, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties' post-hearing briefs are due on or before **March 30, 2018**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **July 16, 2018, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(6) The Court instructs the parties that all motions *in limine* must be filed no later than **July 16, 2018**; and

(7) Special requests for jury instructions shall be submitted to the District Judge on or before **July 20, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge