UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:17-CR-106 |
| | ) | |
| TROY WEST | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 63]. The United States has responded in opposition to the motion. [Docs. 65, 69]. The defendant has not submitted a reply within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the defendant's motion will be denied.

### I. BACKGROUND

In February 2019, this Court sentenced the defendant to a below-guidelines term of 60 months' imprisonment for possessing methamphetamine with the intent to distribute and for being a felon in possession of a firearm and ammunition. The defendant is presently housed at FCI Beckley with a scheduled release date of February 1, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 22, 2020).

He now moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. In support, the defendant cites the current COVID-19 pandemic along with his purported diagnoses of "brain tumor also

my chronic care paranoid schizophrenia and cholesterol. Also being elderly . . . ." [Doc. 63, p. 5].

## II. DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

2

Case 3:17-cr-00106-RLJ-HBG   Document 70   Filed 07/27/20   Page 2 of 8   PageID #: 827

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Exhaustion

In this case, the record demonstrates that the defendant has previously asked the BOP to file a compassionate relief request on his behalf. [Doc. 63, p. 6]. More than 30 days have passed since that request was received by the warden of his facility. [*Id.*]. The

3

Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A). The instant motion appears to be based on Application Note 1(A)(ii)(I) and (II), which require a serious medical condition, or a functional or cognitive impairment, that substantially diminishes the ability to provide self-care within

4

the prison environment and from which the movant is not expected to recover.[1]

As noted, in support of his request for compassionate release the defendant cites the COVID-19 pandemic generally, along with his specific purported diagnoses of brain cancer, schizophrenia, and high cholesterol. The defendant has submitted no medical documentation in support of his motion, but the United States has provided the Court with five pages of BOP records. [Doc. 69].

Those records make no mention of a brain tumor. On that point, the defendant's Presentence Investigation Report ("PSR") provides further illumination. The PSR states that "Mr. West indicated he was diagnosed with a brain tumor in 2005 at the University of Tennessee Medical Center, however, the records received from the University of Tennessee Medical Center only included the records on the above listed gunshot wounds and resulting surgeries [from 2000 to 2002]." [Doc. 49, ¶¶ 68, 69]. On the present record, the Court cannot find that the defendant has a brain tumor.

The Court turns to the defendant's purported schizophrenia. Again, the available medical documentation makes no mention of that condition. The BOP lists diagnoses of major depressive disorder and anxiety disorder. [Doc. 69]. For those conditions, the defendant is medicated and, as of July 8, 2020, "is not interested in adjusting his current medications or switching to a new medication." [*Id.*]. The PSR cites evidence of prior diagnoses of depression and bipolar disorder, but not schizophrenia. [Doc. 49, ¶ 70]. On

---

[1] As for the defendant's argument that he is entitled to compassionate release due to "being elderly," the Court recognizes that extraordinary and compelling reasons can be shown, in part, based on the age of the defendant. *See* U.S.S.G. § 1B1.13 cmt. n.1(B) ("The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."). The present defendant, however, is only age 59.

5

the record before it, the Court cannot find that the defendant suffers from schizophrenia, nor can the Court find that the defendant's existing mental health conditions substantially diminish his ability to provide self-care within the prison environment.

Next, the defendant indeed has high cholesterol. [Doc. 69]. However, that condition is now medicated, and a BOP physician has made recommendations regarding diet and exercise "for improvement in his overall health and compliance with treatment." [*Id.*]. Further, high cholesterol is not presently considered a condition which increases the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 23, 2020). The Court accordingly cannot find that the defendant's cholesterol substantially diminishes his ability to provide self-care within the prison environment.

Lastly, the Court notes that, at the defendant's prison, no inmates have tested positive for COVID-19 and there has been only one positive test among the prison staff. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 23, 2020). It therefore appears that that the preventative measures being taken by the Bureau of Prisons, as described by the United States in its response brief, are having an effect. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release).

6

Having considered the arguments presented by the defendant, individually and in combination, the Court does not find extraordinary and compelling reasons justifying the requested compassionate release. The defendant's motion will therefore be denied.

### 2. Danger to Any Other Person or to the Community

In the alternative, the Court also finds that the defendant has not shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

7

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's PSR. In this case, the defendant possessed a loaded stolen firearm and led officers on a high-speed chase. [Doc. 49, ¶¶ 11-13, 17]. There have been numerous prior convictions, two involving firearms. [*Id.*, ¶¶ 36-45]. In one of those cases, the defendant pointed a firearm at an arresting officer and was, as a result, shot multiple times. [*Id.*, ¶¶ 39, 68]. At least twice, the defendant has committed crimes while on probation. [*Id.*, ¶¶ 39, 44, 47]. On these facts, the Court is unable to find that the defendant would not pose a danger to the safety of another person or the community if released. For this additional reason, his motion must be denied.

### III.  CONCLUSION

As provided herein, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

8
Case 3:17-cr-00106-RLJ-HBG   Document 70   Filed 07/27/20   Page 8 of 8   PageID #: 833